### WILL HYATT v. THE STATE.

*No. 396. Decided February 17.*

1. **Theft—Charge of the Court—Recent Possession, Explanation of.**—See opinion for a charge of court on a trial for horse theft, submitting the issue of recent possession, accompanied by defendant's explanation of the same, *held*, amply sufficient.

2. **Same—Voluntary Return.**—See opinion for facts stated upon which it is *held*, that the court did not err in refusing or failing to instruct upon the theory of a voluntary return of stolen property.

3. **Same — Taking for Temporary Use only.** — See opinion for facts stated upon which it is *held*, that the court did not err in refusing to instruct upon the issue of a taking for temporary purposes and not as a permanent appropriation.

APPEAL from the District Court of Montgomery. Tried below before Hon. L. B. HIGHTOWER.

This appeal is from a conviction for theft of a horse, the property of one Burrell Warren, wherein the punishment assessed was imprisonment in the penitentiary for a term of five years.

The important facts in the case are sufficiently stated in the opinion.

*McComb & Cooper*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This conviction is for horse theft, with an assessed penalty of five years in the penitentiary.

1. Defendant reserved no bills of exception to the rulings of the court during the trial. The charge fully submitted the law pertaining to the explanation given by defendant of his possession of the alleged stolen horse, and is not obnoxious to the criticism that it excludes from the jury the reasonableness of such explanation, nor does it impose upon defendant the burden of proof in this connection.

Among other things, the jury are " charged, that where a person is found in the possession of recently stolen property, and when it first becomes necessary or proper for him to give an explanation accounting for his possession of such property, he does so, and such explanation is a reasonable one, and one that is probably true, then the State is called upon and required to show by proof, either positive or circumstantial, such as will satisfy the minds of the jury beyond a reasonable doubt, that such explanation of the accused as to how he acquired possession of the property is false. And when such explanation is reasonable and probably true, and the State fails to establish its falsity, then such explanation of possession must prevail, and the accused in such case must be acquitted."

2. Nor did the court err in refusing to submit the issue of voluntary return of the property. The facts did not call for or authorize such an instruction. The testimony, briefly stated, bearing upon this phase of the case is: The horse was stolen, at night, from the enclosure of the owner, the rope with which he was tied being cut near the halter. The next day he was found in defendant's possession, some miles from the point at which he was taken. The defendant was also found in possession of a saddle, taken at night, from the place of one Sampson. When discovered with the property, he requested Benford to return the horse to its owner. The horse was taken from defendant, and afterwards recovered by the owner. Testifying in his own behalf, defendant said he found the horse in the road, apparently having been ridden; that he took him in charge, and tied him in the field of one Bates, and requested Bates to return the horse to its owner. Boze v. The State, 31 Texas Cr. Rep., 347; Grant v. The State, 2 Texas Cr. App., 163; Harris v. The State, 29 Texas Cr. App., 101; Willson's Crim. Stats., sec. 1287.

3. The evidence does not suggest the theory that defendant took the horse for temporary use, wherefore the court did not err in refusing to give in charge the law applicable to such an issue. Defendant denied taking the horse from the field in which he was tied. At the time the

horse was taken, defendant was living several miles distant from the place of the theft, in an adjoining county, and had taken Benford's horse, and was using it the night of the theft. The following evening he returned Benford's horse, in Benford's absence, and tied or staked out the stolen horse in the enclosure of one Bates, eight or ten miles from Benford's, at which place he was then working, and where Benford and Sampson found the horse.

If defendant took the horse from its owner's enclosure, it was a fraudulent taking, and evidently intended to be permanent. It would not be reasonable to suppose that defendant had gone from one county to another, and had ridden about thirty or forty miles on the trip, and taken a horse at night for the purpose of using it temporarily, when he was then using Benford's horse.

The evidence justifies the conviction, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.